Filed 12/8/20  P. v. Thomas CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JAMES JOSHUA THOMAS, <br><br> Defendant and Appellant. | B301464 <br><br> (Los Angeles County <br> Super. Ct. No. MA072278) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

James R. Bostwick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant James Joshua Thomas pled no contest to conspiracy to possess a controlled substance in a custodial facility. (Pen. Code §§ 182, subd. (a)(1), 4573.6, subd. (a).[1]) The court sentenced appellant to 16 months, which the court and parties believed was the maximum sentence. After the Department of Corrections and Rehabilitation sent a letter to the court stating that the sentence was incorrect, the court corrected appellant's sentence to two years. Appellant then filed a notice of appeal challenging only the sentence.

On appeal, appellant's appointed counsel filed a brief requesting that we independently review the record for error. *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). We have conducted an independent examination of the entire record and conclude no arguable issues exist. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant pled no contest to conspiracy to possess a controlled substance in a custodial facility. (§§ 182, subd. (a)(1), 4573.6, subd. (a).) He also admitted two strike priors and a prison prior. (§§ 667, subd. (b)-(j); 667.5, subd. (b), 1170.12.)

Before taking appellant's no contest plea at the August 8, 2018 hearing, the court stated several times that 16 months was the maximum available sentence. For example, the court stated that appellant was "pleading to what his maximum is available to him, 16 months." The court and counsel had a conversation about which priors appellant was required to admit for purposes of the plea, and the court stated, "I can only sentence him to one-third the midterm because the new charge is not a serious or

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

violent felony." A moment later, the court said, "The way that it's pled, the maximum exposure is 16 months. The defendant will be getting 16 months." The court then said to appellant, "My understanding is you're willing to plead to the sheet, which means, you're going to admit all the allegations against you. Your sentence will be 16 months. That's all the court can give you, and that was actually what the offer is from the prosecution. [¶] Do you want to accept that offer?" Appellant responded, "Yes, ma'am." The court then took appellant's plea.

On August 27, 2018, the court sentenced appellant to 16 months in prison. The court noted that the sentence was "one third the mid-term of 24 months which is 8 months," doubled under the Three Strikes Law. The court imposed and struck an additional term of one year under section 667.5, subdivision (b). The court's minute order stated that two remaining counts against appellant were dismissed due to plea negotiation.

In May 2019, the Department of Corrections and Rehabilitation sent the court a letter stating that appellant's sentence was incorrect. The letter stated in relevant part, "The Abstract of Judgment and Minute Order reflect Count 03, PC 182(a)(1), Conspire to commit a crime with <u>one-third the middle term of 1 year 4 months</u> imposed consecutive, sentenced pursuant to PC 667(b)-(i) or PC 1170.12 (strike prior). Pursuant to PC 182(a)(6), 'When they conspire to commit any other felony, they shall be punishable in the same manner and to the same extent as is provided for the punishment of that felony.' The 2nd Amended Information alleges PC 4573.6(a) as the crime the defendant conspired to commit. The punishment for PC 4573.6(a), doubled, is 4 years, 6 years or 8 years; therefore, one-third the middle term is <u>2 years</u>."

3

The trial court set a hearing regarding a possible modification of sentence. Appellant filed a motion asking the court to "amend his open plea" and requesting that a "concurrent sentence be imposed." Defense counsel noted that at prior hearings, "the parties agreed that Defendant's 16-month sentence should remain in place, and that the target felony could be modified to an offense (i.e. Health and Safety Code, section 11378 [possession of a controlled substance for sale]) that had a midterm of two years." Defense counsel stated that "the People had changed their mind and were now insisting on the two-year sentence." The motion asked that the court exercise its discretion to impose the new sentence as concurrent, rather than consecutive to appellant's existing 17-year sentence.

The People filed an "Opposition to Motion to Withdraw Plea." The opposition noted that at a recent hearing[2] the court and parties discussed whether appellant should be able to withdraw his plea. The People noted that the court's "indicated ruling was to allow withdrawal." The People opposed appellant's motion because appellant entered an open plea, and therefore he was not entitled to any "benefit of the bargain." The People also asserted that a motion to withdraw the plea was untimely, because it was made beyond time limitations in section 1018.[3]

---

[2]There is no transcript of this hearing in the record on appeal.

[3]Section 1018 states, in part, "On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted."

4

At the hearing on September 24, 2019, the trial court stated that the Department of Corrections and Rehabilitation was correct that "the appropriate sentence would have been two years." The court stated that it did not have authority to withdraw the plea, and that an error in sentencing could be corrected at any time. The court determined that it was "required by law to correct an illegal sentence." The court therefore sentenced appellant to two years, to run consecutive to appellant's existing sentence. The court stated that the one-year section 667.5, subdivision (b) enhancement would remain stricken, and "everything else will remain the same."

Appellant appealed. In his notice of appeal, appellant checked the box stating that his appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b).)" Appellant did not check the box stating that he was challenging the validity of the plea, and he did not seek a certificate of probable cause. (See § 1237.5, subd. (b).) On appeal, appellant's appointed counsel filed a brief requesting that we independently review the record for error. (*Wende, supra,* 25 Cal.3d 436, 441.) We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days. We have received no response.

## DISCUSSION

We have examined the entire record, and are satisfied no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110; *Wende, supra*, 25 Cal.3d at p. 443.)

5

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


WILLHITE, J.